IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SES ENVIRONMENTAL SOLUTIONS, LLC f/k/a SES ENVIRONMENTAL SOLUTIONS, INC., | : : : : : | Case No. 1:22-cv-80<br><br>Judge Matthew W. McFarland |
| Plaintiff, | : : | |
| v. | : : | |
| TIM NAPIER, *et al.*, | : : | |
| Defendants. | : | |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, OR ALTERNATIVELY, TO TRANSFER VENUE (DOC. 11)

This matter is before the Court on Defendants Tim Napier, Caldwell's Inc., and Caldwell Environmental, Inc.'s[1] Motion to Dismiss pursuant to Civil Rule 12(b) or, in the alternative, Motion to Transfer Venue to the Southern District of Indiana. (Doc. 11). Plaintiff has filed its Response (Doc. 17), to which Defendants have replied (Doc. 18). For the reasons set forth below, the Court **GRANTS** the Motion to Dismiss.

### FACTUAL & PROCEDURAL BACKGROUND

This action revolves around the question of whether Defendant Tim Napier ("Napier"), through his employment relationship with the Caldwell Defendants, violated his Non-Competition, Non-Solicitation and Non-Disclosure Agreement (the

---

[1] The Court will refer to both Caldwell Defendants as the "Caldwell Defendants" throughout this Order. The Court does not, by doing this, decide the merits of whether both Defendants are proper defendants.

"Agreement") with Plaintiff Superior Environmental Solutions, LLC ("Plaintiff"). (*See* Complaint, Doc. 1.) Plaintiff, a Delaware limited liability company headquartered in Ohio, "sells and provides industrial cleaning services, environmental cleaning services, emergency response solutions, confined space training and rescue, and hazardous waste management, disposal and remediation." (*Id.* at Pg. ID 2-3.) Napier, who lives and works in Indiana, worked for Plaintiff from November 2016 until December 2021. (*Id.* at Pg. ID 3, 5.) At the time of his resignation, he was an account manager working exclusively with Knauf, a client located in Shelbyville, Indiana. (*Id.* at Pg. ID 3.) Napier was responsible for managing Plaintiff's business relationship and securing additional jobs and projects with Knauf. (*Id.*)

Through this role, Plaintiff alleges that Napier was exposed to trade secrets and confidential business information, and so Plaintiff required Napier to sign the Agreement. (*Id.* at Pg. ID 4.) The Agreement contains a forum selection clause providing: "SES and [Napier] hereby consent that any action to enforce any provision of this Agreement shall be brought only in a state or federal court located in Hamilton County, Ohio." (Agreement, Doc. 1-4, Pg. ID 22.) Napier acknowledges that he signed the Agreement. (Declaration of Tim Napier, Doc. 12, Pg. ID 84.)

Plaintiff alleges that, after Napier left its employ, he began working for Caldwell, a direct competitor of Plaintiff. (Complaint, Doc. 1, Pg. ID 5.) The Caldwell Defendants are two different corporations. (Declaration of Jordan Caldwell ("Caldwell Dec."), Doc. 13, Pg. ID 86.) Each are located in Indiana, have no Ohio offices, employ no one in Ohio, are not registered to do business in Ohio, and do not have an Ohio statutory agent. (*Id.*)

2

However, both advertise on their websites that they do business in Ohio. (Caldwell Websites, Doc. 17-1, Pg. ID 112, 116.)

Plaintiff contends that Napier now performs the same duties for Knauf on behalf of the Caldwell Defendants that he used to perform for Knauf on behalf of Plaintiff. (Complaint, Doc. 1, Pg. ID 5.) Plaintiff alleges lost business from Knauf. (*Id.* at 5-6.) Of relevant note, an email between a Caldwell Environmental executive and Knauf representatives, the Caldwell Environmental executive claimed to have recently "partnered with a company to do industrial cleaning for other large facilities from western Indiana to western Ohio." (Email Correspondence, Doc. 17-3, Pg ID 123.)

Plaintiff asserts six counts in its Complaint: (1) breach of contract against Napier; (2) unjust enrichment against all Defendants; (3) misappropriation of trade secrets against all Defendants; (4) misappropriation of confidential information against Napier; (5) tortious interference with contract against the Caldwell Defendants; and (6) tortious interference with business relations against all Defendants. (*Id.* at Pg. ID 6-9.)

## LAW & ANALYSIS

First, when moving to dismiss for lack of personal jurisdiction, the plaintiff has the burden to prove jurisdiction exists. *CompuServe Inc. v. Patterson*, 89 F.3d 1257, 1261-62 (6th Cir. 1989). The plaintiff's burden of persuasion depends on whether the court held an evidentiary hearing. *Morel Acoustic, Ltd. V. Morel Acoustics USA, Inc.*, No. 3:04-CV-348, 2005 WL 2211306, *4 (S.D. Ohio Sept. 7, 2005). When resolving the personal jurisdiction issue prior to trial, a court may either: (1) determine the issue considering only affidavits; (2) permit discovery; or (3) conduct an evidentiary hearing on the merits alone. *Intera*

3

*Corp. v. Henderson*, 428 F.3d 605, 614 n. 7 (6th Cir. 2005). If a hearing is held, the plaintiff must prove jurisdiction by a preponderance of the evidence. *Morel Acoustic*, 2005 WL 2211306 at *4. If not, the plaintiff must make only a prima facie showing of personal jurisdiction, and any conflicting evidence submitted to the court pertaining to the jurisdiction question is viewed in a light most favorable to the plaintiff. *Id.* A plaintiff makes a prima facie showing by "establishing with reasonable particularity sufficient contacts between [the defendants] and the forum state to support jurisdiction." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). The Court may consider a defendant's undisputed factual assertions. *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012).

Here, the Court did not conduct an evidentiary hearing. Neither party requested a hearing, and the Court concludes that one is not necessary for resolution of the pending matter. Therefore, Plaintiff must only provide prima facie evidence of personal jurisdiction.

Additionally, Fed. R. Civ. P. 12(b)(7) allows defendants to assert the defense of failure to join a party under Fed. R. Civ. P. 19. A three-part test is used to determine whether a claim should be dismissed for failure to join a party. *Am. Express Travel Related Serv., Co., Inc. v. Bank One-Dearborn, N.A.*, 195 Fed.Appx. 458, 460 (6th Cir. 2006). "First, the court must determine whether the party is necessary and should be joined under Rule 19(a)." *Id.* "If the party or entity is a necessary party, the court looks to whether joinder is feasible, or if lack of subject matter jurisdiction makes joinder impossible." *Id.* "Third, if joinder is not possible, the court must weigh the equities of the situation pursuant to Rule

4

19(b) and determine if the suit can continue in the party's absence or if the case should be dismissed because the party is indispensable." *Id.*

Defendants assert several arguments as to why this action should not move forward in this court. First, they argue that dismissal is warranted because the Court lacks personal jurisdiction over all Defendants, pursuant to Fed. R. Civ. P. 12(b)(2). Second, they argue that, even if the Court finds jurisdiction over Napier, it lacks jurisdiction over the Caldwell Defendants, who are indispensable parties to this litigation, thus mandating dismissal pursuant to Fed. R. Civ. P. 12(b)(7). Finally, and alternatively, they argue the Court should transfer the matter because venue is proper in Indiana. Because this Court finds dismissal is warranted pursuant to Fed. R. Civ. P. 12(b)(7), Defendants' venue transfer argument need not be discussed.

### I. Plaintiff Cannot Establish Personal Jurisdiction over the Caldwell Defendants.

It is well-settled that the Court must have personal jurisdiction over the litigants before it. In a diversity action, a court must look to the laws of the forum state to determine if personal jurisdiction exists. *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000). As this forum is in Ohio, personal jurisdiction exists only if Ohio's long-arm statute and the Due Process Clause of the Fourteenth Amendment are satisfied. *Id.* "The Plaintiff must clear both statutory and constitutional hurdles, and the Court is free to consider them in either order." *Baker v. Bensalz Prod., Inc.*, 480 F.Supp.3d 792, 801 (S.D. Ohio 2020).

The Due Process Clause requires that, prior to the Court exercising personal jurisdiction over a party, the Court determine that a defendant " not present within the territory of the forum . . . have certain minimum contacts" with the forum as not to offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. and Placement*, 326 U.S. 310, 316 (1945) (quotations omitted). Two forms of personal jurisdiction exist under the Due Process Clause: (1) general jurisdiction and (2) specific jurisdiction. *Third Nat'l Bank in Nashville v. WEDGE Grp., Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989). Neither is present here.

### a. Plaintiff Cannot Establish General Personal Jurisdiction Over the Caldwell Defendants, as the Caldwell Defendants Are Not "At Home" in Ohio.

A court may only assert general personal jurisdiction over foreign corporations when the corporation's "affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 517 U.S. 117, 127 (2014). "'At home in the forum State typically means either the corporation's principal place of business or formal place of incorporation is located there." *Baker*, 480 F.Supp.3d at 802-03 (quoting *Daimler AG*, 517 U.S. at 139). However, "in exceptional cases, . . . a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler AG*, 517 U.S. at fn. 8.

The Caldwell Defendants are not "at home" in Ohio, nor are the Caldwell Defendants' operations so substantial or are of such a nature to render them at home. The Caldwell Defendants are each Indiana corporations. (Decl. of Caldwell, Doc. 16, Pg. ID

6

93; *see also* Compl., Doc. 5, Pg. ID 28.) Each corporation's principal place of business is in Morristown, Indiana. (*Id.*) Neither Caldwell Defendant is "registered to do business in Ohio, [nor have] no Ohio statutory agent." (*Id.*) Additionally, "ninety-nine percent of the work" that the Caldwell Defendants perform "takes place in Indiana." (*Id.* at 94.) The only real connection the Caldwell Defendants have to Ohio is that that the Caldwell Defendants advertise within Ohio and claim to serve Ohio customers. (*See* Caldwell Websites, Doc. 17-1, Pg. ID 112, 116.) However, alleged advertising in Ohio is not enough to establish that the Caldwell Defendants are "at home" here. *See Daimler AG*, 517 U.S. 117.

Therefore, this Court cannot exercise general personal jurisdiction over the Caldwell Defendants.

### b. Plaintiff Cannot Establish Specific Personal Jurisdiction Over the Caldwell Defendants.

The question remains as to whether this Court has specific personal jurisdiction over the Caldwell Defendants. "In a specific jurisdiction case, a [court] exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *Third Nat. Bank*, 882 F.2d at 1089 (quotations omitted). The Sixth Circuit has developed a three-part test for determining if a court has specific personal jurisdiction over a party: (1) "the defendant must purposefully avail himself of the privileges of acting in the forum state or causing a consequence in the forum state[;]" (2) "the cause of action must arise from the defendant's activities there[;]" and (3) "the actions . . . or consequences caused . . . must have a substantial enough connection with the forum state

7

to make the exercise of jurisdiction over the defendant reasonable." *Nationwide Mut. Ins. Co. v. Tryg Intern. Ins. Co.*, 91 F.3d 790, 794 (6th Cir. 1996). Plaintiff must establish each of these three elements to "hale an out-of-state defendant into court . . ." *Baker*, 480 F.Supp.3d at 803. Here, Plaintiff has failed to establish that the Caldwell Defendants have purposefully availed themselves to this Court's jurisdiction. Thus, the remaining two factors need not be discussed.

A party purposefully avails itself to a state's jurisdiction "where the contacts proximately result from the actions by the defendant himself that create a substantial connection with the forum state." *Burger King Corp. v. Rudzewicz*, 417 U.S. 462, 475 (1985) (quotations omitted). Therefore, a defendant purposefully avails himself to a forum state by either having "deliberately . . . engaged in significant activities within a State" or by having "created continuing obligations between himself and residents of the forum[.]" *Id.* at 475-76. A court cannot exercise personal jurisdiction over a defendant when the defendant's contacts with the jurisdiction are "random, fortuitous, or attenuated[.]" *Id.* at 475.

Any contacts the Caldwell Defendants have with Ohio are random, fortuitous, or attenuated at best. Again, the Caldwell Defendants are organized under the laws of Indiana and have headquarters in such state. (Caldwell Dec., Doc. 13, Pg. ID 86-87.) The Caldwell Defendants have not employed anyone in Ohio. (*Id.* at 86.) They have not maintained offices or locations in Ohio. (*Id.*) The Caldwell Defendants have "never asked, directed, or assigned Mr. Napier to perform services in Ohio." (*Id.* at 87.) And over ninety-nine percent of the Caldwell Defendants' customers and services take place in Indiana.

(*Id.*) Thus, the Caldwell Defendants have not purposefully availed themselves to the privileges of Ohio.

Plaintiff makes two arguments for why this Court should find that the Caldwell Defendants have purposefully availed themselves of Ohio law. First, Plaintiff claims that the Caldwell Defendants have a presence in Ohio and a relationship with Ohio companies. Plaintiff relies one two sole facts to make such argument. First, Plaintiff relies on the fact that the Caldwell Defendants' websites claim to service Ohio. (Caldwell Websites, Doc. 17-1, Pg. ID 112, 116.) Additionally, in an email between a Caldwell Environmental executive and Knauf representatives, the Caldwell Environmental executive claimed to have recently "partnered with a company to do industrial cleaning for other large facilities from western Indiana to western Ohio." (Email Correspondence, Doc. 17-3, Pg ID 123.)

However, such contacts are both random and attenuated in nature. The Caldwell Defendants seem to only have two random, unrelated contacts to the state. Plaintiff does not allege, nor do any affidavits filed in connection with this motion, support the contention that the Caldwell Defendants actually do business in Ohio. Solely advertising to the state, without more, does not establish purposeful availment but, rather, an attenuated connection between the Caldwell Defendants and Ohio. Additionally, contracting with a single company perform certain duties in western Indiana and western Ohio is not enough to establish contacts that create a substantial connection with the forum state. Such alleged contacts also are unrelated from the causes of action pled here. Thus, the Court is unpersuaded by Plaintiff's first argument.

Second, Plaintiff argues that, because the Caldwell Defendants "knowingly and intentionally caused damage in Ohio[,]" we must find that the Caldwell Defendants purposefully availed themselves to Ohio. Plaintiff relies on *Total Quality Logistics v. Cornelius Leasing Sys.*, No. 1:17-cv-150, 2018 WL 1891354 (S.D. Ohio Mar. 13, 2018) to bolster its position. However, such case is clearly distinguishable from this action. In *Cornelius Leasing*, the court determined that Defendant Maison, a Colorado corporation, whose sole member, Shane Moore, was a Colorado resident, purposefully availed itself to Ohio. *Id.* at 5. The Court relied on Plaintiff's affidavits submitted in opposition, which alleged "that Defendant Maison's sole owner, Shane Moore, misappropriated an Ohio corporation's trade secrets and confidential information for Maison's benefit." *Id.* The affidavit specifically explained the misappropriation scheme, Moore's substantial role in the scheme, and how the information was used by Moore and Maison. *See id.* at 6.

Here, no such evidence exists. Plaintiff failed to provide any evidence that the Caldwell Defendants' conduct was so substantial in nature to find that the Caldwell Defendants "[could] fairly anticipate being haled before an Ohio court to answer to Plaintiff's allegations." *See id.* at 5. Rather, Defendants submitted an affidavit by Jordan Caldwell, an officer of Caldwell Environmental, explaining the limited nature of the Caldwell Defendants' contacts with Ohio. (Caldwell Dec., Doc. 13.) Thus, *Cornelius Leasing* is distinguishable from the case at hand and Plaintiff's argument is not well taken.

Thus, this Court finds that the Caldwell Defendants' contacts are not of such a nature to create a substantial connection with Ohio. Therefore, the Caldwell Defendants did not purposely avail themselves to this forum.

In summation, this Court lacks personal jurisdiction, whether general or specific, over the Caldwell Defendants.

## II.  The Caldwell Defendants Are Indispensable Parties in this Case.

Next, the Court turns to Defendants' argument that this matter must be dismissed, pursuant to Fed. R. Civ. P. 12(b)(7). The Court must consider whether the Caldwell Defendants are indispensable parties under to Fed. R. Civ. P. 19. Based on the filings, it seems to the Court that it is undisputed that the Caldwell Defendants are indispensable parties. (*See* Response in Opposition to Motion to Dismiss, Doc. 17, Pg. ID 107; *see also* Reply in Support of Motion to Dismiss, Doc. 18, Pg. ID 130-31.) And the Court agrees that the Caldwell Defendants are indispensable parties. The first part of the indispensable party test is satisfied here, because the Caldwell Defendants are necessary, pursuant to Fed. R. Civ. P. 19(a)(1)(B)(i), as the Caldwell Defendants would be impaired from protecting their interest in having Napier continue servicing Knauf-Shelbyville, IN, now a customer of the Caldwell Defendants. Additionally, the second part of the indispensable party test is also satisfied here, as the Court found above that it lacks personal jurisdiction over the Caldwell Defendants.

Rather than arguing that the Caldwell Defendants are not indispensable parties, Plaintiff argues that, even if the Court were to find that it lacks personal jurisdiction over the Caldwell Defendants, which it has, that the claims against Napier should proceed because Plaintiff is also bound by the forum selection clause. (Response in Opposition to Motion to Dismiss, Doc. 107, Pg. ID 107.) However, the Court cannot in equity and good conscience proceed solely as to Napier, due to the prejudice the Caldwell Defendants

11

would face if this case were to proceed without them. *See* Fed. R. Civ. P. 19 ("If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.")

Thus, because the Caldwell Defendants are indispensable parties, Fed. R. Civ. P. 19 mandates dismissal.

### III. Napier Waived His Right to Enforce the Forum Selection Clause of the Agreement.

Lastly, the Court finds it necessary to acknowledge that Napier expressly stated that he shall waive his right to demand enforcement the forum selection clause if this Court were to dismiss the present action to allow Plaintiff to refile elsewhere. (*See* Reply in Support of Motion to Dismiss, Doc. 18, Pg. ID 131.) The Court finds that such conduct, as well as moving the Court to transfer this case to a venue not within the forum selection clause, constitutes "taking actions completely inconsistent" with his contractual right to demand a particular forum and, thus, constitutes a waiver of such right. *See Hurley v. Deutsche Bank Trust Co. Am.*, 610 F.3d 334, 338 (6th Cir. 2010). However, the Court expresses no opinion as to whether personal jurisdiction exists over Napier.

### CONCLUSION

For the foregoing reasons:

(1) The Court **GRANTS** Defendants' Motion to Dismiss (Doc. 11). Plaintiff's Complaint (Doc. 1) is **DISMISSED with prejudice.**

(2) The Court **FINDS** that Defendant Time Napier has waived his right to enforce the Agreement's forum selection clause.

(3) This action is hereby **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND